# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| MARK SHAUN CLOUGH, | ) |
| Claimant, | ) |
| vs. | ) Case No. 4:18-cv-1053-CLS |
| NANCY A. BERRYHILL, Acting Commissioner, Social Security Administration, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This court entered a memorandum opinion and final judgment on May 17, 2019, affirming the Commissioner's decision to deny claimant's disability benefits. The court also denied claimant's motion to correct the administrative record to include the full September 17, 2017 consultative psychological evaluation conducted by Dr. David Wilson.[1] The court found that the administrative record included all the information submitted to the Appeals Council, because the Appeals Council received only the first page of Dr. Wilson's report, not the entire report. Moreover, because the Appeals Council never received Dr. Wilson's entire assessment, the court also rejected claimant's argument that the Appeals Council failed to appropriately consider the assessment. Finally, the court did not consider whether remand was

---

[1] Doc. no. 23 (Memorandum Opinion); doc. no. 24 (Final Judgment).

warranted for consideration of Dr. Wilson's entire report under sentence six of 42 U.S.C. § 405(g), because claimant never asserted any such argument. The court's decision was based, in part, on claimant's failure to comply with a court order to respond to the Commissioner's arguments that the Appeals Council only received one page of Dr. Wilson's report, and that remand was not warranted under sentence six.[2]

The case now is before the court on claimant's motion to alter or amend the judgment pursuant to Rule 59(e).[3] That pleading asserts that the Appeals Council erroneously failed to consider Dr. Wilson's entire report, but it does not offer any response to the Commissioner's argument that the Appeals Council only received one page of the report. Claimant also filed, without leave of court, a "Reply to Order/Memorandum in Support of Motion to Correct the Record," which presumably was intended to serve as claimant's belated response to this court's previous order.[4] In that pleading, claimant asserts that his attorney submitted Dr. Wilson's entire evaluation to the Appeals Council, and that, because claimant's attorney had summarized the evaluation in a previous letter to the Appeals Council, the Appeals Council should have informed plaintiff that it did not receive the entire evaluation. Because the Appeals Council failed to do so at the time it received the evaluation,

---

[2] *See* doc. no. 23, at 2-5; *see also* doc. no. 22 (April 19, 2019 Order requiring claimant to file a reply brief by May 3, 2019).

[3] Doc. no. 26.

[4] Doc. no. 25.

claimant asserts that equitable estoppel should preclude the Commissioner from arguing that she only received the first page of the evaluation.

## I. STANDARD OF REVIEW

The text of Rule 59(e) does not set forth specific grounds for relief.[5] Accordingly, the decision of whether the prior judgment should be altered or amended is committed, at least in the first instance, to the sound discretion of the district court. *See, e.g., American Home Assurance Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985). The only acceptable grounds for granting a Rule 59(e) motion are newly-discovered evidence or manifest errors of law or fact. *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (*per curiam*)). Rule 59(e) motions may "'not be used to relitigate old matters or to present arguments or evidence that could have been raised prior to judgment.'" *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).

## II. DISCUSSION

Claimant already argued, in briefing that was submitted before this court entered final judgment, that the Appeals Council erroneously failed to consider Dr.

---

[5] Federal Rule of Civil Procedure 59(e) states simply that "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

Wilson's report.[6] Additionally, claimant's arguments about whether the Appeals Council had a duty to inform him about only receiving one page of the report *could have* been raised prior to entry of this court's judgment. The only reason they were *not* raised in a timely manner is because claimant's attorney failed to respond to a court order. Thus, none of claimant's arguments are appropriate for consideration under Rule 59(e).

Claimant also has not presented any newly-discovered evidence or asserted that this court made a manifest error of law. Dr. Wilson's report is not new because claimant was aware of it before this court entered judgment. Moreover, claimant has offered no evidence that the Appeals Council actually received the entire evaluation. He states that his attorney "submitted" the evaluation, and that the Appeals Council did not deny receiving either the evaluation or his attorney's letter summarizing the evaluation.[7] But claimant has cited no authority to indicate that the Appeals Council had any obligation to independently verify that it received and incorporated into the administrative record all of the paperwork claimant intended for it to receive.

Claimant also has not offered any explanation, much less any evidence, to support a claim of equitable estoppel, which, in the Eleventh, Circuit, requires proof of the following elements:

---

[6] *See* doc. no. 8 (Memorandum in Support of Disability), at 21-30.
[7] Doc. no. 25, at 1.

> "(1) the party to be estopped misrepresented material facts; (2) the party to be estopped was aware of the true facts; (3) the party to be estopped intended that the misrepresentation be acted on or had reason to believe the party asserting the estoppel would rely on it; (4) the party asserting the estoppel did not know, nor should it have known, the true facts; and (5) the party asserting the estoppel reasonably and detrimentally relied on the misrepresentation."

*Dawkins v. Fulton County Gov't*, 733 F.3d 1084, 1089 (11th Cir. 2013) (quoting *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1326 (11th Cir. 2008)). There is no evidence — only the argument of claimant's attorney — that the Commissioner misrepresented its receipt of Dr. Wilson's report or failed to comply with any duty to disclose that it had not received the entire report, much less that she did so with the intent to induce claimant's detrimental reliance. There also is no reason to believe that claimant was incapable of determining whether the Commissioner received the entire report.

Finally, because it is undisputed that Dr. Wilson's entire report was not before the Appeals Council,[8] the first time the entire report made its way into either the administrative or court record was when claimant attached a copy of it to his motion to correct the administrative record.[9] Therefore, the report can only be considered for the purpose of determining whether remand is warranted under sentence six of 42 U.S.C. § 405(g). *See Ingram v. Commissioner of Social Security Administration*, 496

---
[8] Claimant argues that the entire report *should have been* before the Appeals Council, but he has not argued that it actually *was* before the Appeals Council.

[9] *See* doc. no. 14-1.

F.3d 1253, 1267 (11th Cir. 2007) ("Sentence six of section 405(g) provides the sole means for a district court to remand to the Commissioner to consider new evidence presented for the first time in the district court.").[10] Claimant did not address sentence six in any of the pleadings he filed after this court entered judgment against him,[11] so there is no reason for the court to determine whether the requirements for a sentence six remand have been satisfied.

### III. CONCLUSION

For all of the reasons discussed above, claimant's motion to alter or amend this court's May 17, 2019 judgment is due to be denied. An appropriate order will be entered contemporaneously herewith.

DONE this 20th day of June, 2019.

_____
United States District Judge

---

[10] To obtain a sentence six remand,

"the claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is good cause for the failure to submit the evidence at the administrative level."

*Hunter v. Social Security Administration, Commissioner*, 808 F.3d 818, 821 (11th Cir. 2015) (quoting *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986)).

[11] *See* doc. no. 25 (Reply to Order Memorandum in Support of Motion to Correct the Record); doc. no. 26 (Motion to Alter or Amend the Judgment Pursuant to Rule 59); doc. no. 29 (Reply in Support of Motion to Alter or Amend the Judgment Pursuant to Rule 59).